UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENNETH FRYE,                                                      PLAINTIFF
Executor of the Estate
and Personal Representative of
Gregory Allen Frye

v.                                                CIVIL ACTION NO. 3:07-CV-527-S

JOHN D. REES, et al.                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of the defendants, Commonwealth of

Kentucky ("Commonwealth"), Department of Corrections ("DOC"), DOC Commissioner John D.

Rees (retired), individually and in his official capacity ("Rees"), and Kentucky State Penitentiary

Warden Thomas L. Simpson, individually and in his official capacity ("Simpson") (hereinafter

collectively, "Defendants") to dismiss the claims filed against them by the plaintiff, Kenneth Frye,

Executor of the Estate and Personal Representative of Gregory Allen Frye ("Frye"), pursuant to Fed.

R. Civ. P. 12(b)(6) (DN 10).[1]

Frye also has filed two separate motions for leave to amend his complaint (DN 8; DN 13).

It appears that Frye's motion for leave to file a second amended complaint is intended to bring his

motion for leave to amend the original complaint into compliance with Fed. R. Civ. P. 11(a).

Because the court finds that justice so requires, Frye's motion for leave to file a second amended

complaint will be granted.

---

[1]Frye has filed a motion requesting a status conference on this matter (DN 6).  Because
the court does not find that a status conference will be necessary to resolve the issues here, that
motion will be denied.

1

Defendants argue that Frye's complaint fails to state a claim upon which relief can be granted. Frye has responded (DN 11) and Defendants have replied (DN 12). Defendants' motion to dismiss will be granted.

In considering the motion to dismiss, the court will consider the second amended complaint as the last operative statement of the plaintiff's claims. The court is only able to glean an extremely limited factual background from Frye's second amended complaint. Frye states that Gregory Allen Frye ("Gregory") was an inmate at the Eddyville State Penitentiary. *Second Amended Complaint*, ¶ 1. Frye alleges that Defendants caused Gregory to be removed from the hospital and returned to prison where within hours, he died. *Id.* Frye further alleges that Gregory's death was the "direct and proximate result" of Defendants' "fail[ure] to provide [Gregory] reasonable and humane psychiatric care" in violation of the Constitution under 42 U.S.C. § 1983. *Id.* Specifically, Frye alleges that Defendants' actions were wanton, reckless, and amount to deliberate indifference to Gregory's health, welfare, and medical and psychiatric needs. *Id.* at ¶¶ 4-6.

In response, Defendants have proffered affirmative defenses for the Commonwealth and DOC predicated on the inapplicability of 42 U.S.C. § 1983 and sovereign immunity. Defendants also have proffered affirmative defenses for Rees and Simpson predicated on the unavailability of *respondeat superior* as a basis for liability under 42 U.S.C. § 1983. However, the court need not reach the merits of Defendants' various arguments.

When faced with a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the court must take the allegations of the complaint as true and grant dismissal only when the plaintiff's complaint fails to contain facts sufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *Weisbarth v. Geauga Park Dist.*, No. 06-4189, 2007 WL

2

2403659, *3 (6th Cir. Aug. 24, 2007). Frye's complaint fails to allege any facts whatsoever to support the conclusory allegations that Defendants caused Gregory's death. Accordingly, Frye's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. The motion of the plaintiff, Kenneth Frye, Executor of the Estate and Personal Representative of Gregory Allen Frye, for leave to amend the original complaint (DN8) is **DENIED.**

2. The motion of the plaintiff, Kenneth Frye, Executor of the Estate and Personal Representative of Gregory Allen Frye, for leave to file a second amended complaint is **GRANTED** and the same is **DEEMED FILED.**

3. The motion of the plaintiff, Kenneth Frye, Executor of the Estate and Personal Representative of Gregory Allen Frye, requesting a status conference (DN 6) is **DENIED.**

4. The motion of the defendants, Commonwealth of Kentucky, Department of Corrections, DOC Commissioner John D. Rees (retired), and Kentucky State Penitentiary Warden Thomas L. Simpson to dismiss the plaintiff's claims against them (DN 10) is **GRANTED** and the plaintiff's claims against said defendants are **DISMISSED.**

**IT IS SO ORDERED.**

3